UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LARRY JOHNSON,

    Plaintiff,

v.                             Case No. 8:16-cv-362-T-33TBM

M & B PRODUCTS, INC.,

    Defendant.
_____/

## ORDER

This matter comes before the Court upon consideration of the parties' Joint Motion for Approval of FLSA Settlement and Dismissal with Prejudice (Doc. # 41), filed on August 18, 2016. By their Motion, the parties move the Court to approve the settlement agreement entered into by the parties in this Fair Labor Standards Act, 29 U.S.C. § 201 et seq., action and dismiss the action with prejudice. The Court grants the Motion, but declines to retain jurisdiction to enforce the terms of the settlement agreement.

## Discussion

Plaintiff Larry Johnson filed this Fair Labor Standards Act case against his employer in federal court on February 16, 2016, alleging violations of the minimum wage and overtime provisions of the Fair Labor Standards Act. (Doc. # 1). On

August 9, 2016, the parties filed a Notice of Settlement. (Doc. # 39). Their Joint Motion for Approval of FLSA Settlement and Dismissal with Prejudice (Doc. # 41) timely followed on August 18, 2016, but did not include copies of the Settlement Agreement. Pursuant to the Court's August 19, 2016, Order (Doc. # 42), the parties submitted copies of the Settlement Agreement on August 22, 2016. (Doc. ## 43, 44).

Following the Court's August 24, 2016, Order (Doc. # 45), Johnson's counsel submitted an affidavit providing a timesheet and other information on the calculation of the attorney's fees. (Doc. # 46). On September 2, 2016, Johnson's counsel then filed another affidavit (Doc. # 48), regarding his educational background and legal experience, as requested by the Court in its August 30, 2016, Order. (Doc. # 47).

Johnson alleges that M & B Products violated the provisions of the Fair Labor Standards Act. Accordingly, any settlement reached between the parties is subject to judicial scrutiny. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). The parties have reached a settlement wherein it is agreed that Johnson will receive a total payment of $6,000 in unpaid wages and liquidated damages. It has also been agreed that Johnson's counsel will

2

receive $9,000 in attorney's fees and costs. (Doc. ## 43, 44).

This Court is duty-bound to scrutinize the attorney's fees requested in this FLSA case as directed by the court in Silva v. Miller, 307 F. App'x 349 (11th Cir. 2009). There, the court explained:

> FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee.

Id. at 352.

Although the Court is troubled that Johnson's counsel is recovering more under the settlement than Johnson himself, the Court is persuaded by several factors that the settlement is nevertheless reasonable. Most importantly, Johnson represents that under the settlement agreement he "will be fully compensated for all hours worked and liquidated damages." (Doc # 41 at 2). Furthermore, the parties represent that the attorney's fees to be paid to Johnson's counsel were negotiated separately and without regard to the other terms

3

of the settlement. (Id. at 5). Thus, the amount of attorney's fees has not reduced Johnson's recovery.

Additionally, a review of the record reveals that many additional hours were billed by Johnson's counsel because the parties did not settle earlier in the proceedings. As it is the Court's experience that FLSA cases benefit from early mediation, the Court referred the parties to mediation on March 22, 2016, the day after M & B Products filed its Answer. (Doc. ## 10, 14). To facilitate settlement, the Court required the parties to submit interrogatories before mediation, establishing necessary information such as Johnson's regular rate of pay, hours worked, and all attorney's fees and costs incurred at that point. (Doc. # 13). Yet, the parties' mediation ended in an impasse on May 20, 2016. (Doc. # 33).

Following the mediation phase of the case, the parties were required to prepare a Case Management Report and attend a Case Management Hearing, as well as being permitted to begin discovery. (Doc. ## 35, 36, 38). The attorney's fees incurred as a result of the preparations engaged in between the mediation impasse on May 20, 2016, and the Notice of Settlement on August 9, 2016, would have been avoided had the parties settled earlier. As M & B Products did not settle earlier, a complaint about attorney's fees from M & B Products

4

would be unpersuasive at this juncture. Indeed, M & B Products does not object to the attorney's fees. Rather, while they disagree as to the validity of Johnson's claims, the parties represent that they have negotiated this settlement to avoid further "protracted and costly litigation." (Doc. # 41 at 4).

Based on these representations, the Court finds the settlement complies with <u>Lynn's Food</u> and approves the settlement agreement. Although the Court approves the settlement, the Court declines to retain jurisdiction over the case to enforce the terms of the settlement agreement.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

1) The parties' Joint Motion for Approval of FLSA Settlement and Dismissal with Prejudice (Doc. # 41) is **GRANTED.**

(2) The parties' settlement is approved but the Court declines to retain jurisdiction to enforce the terms of the settlement. This case is **DISMISSED WITH PREJUDICE.**

(3) The Clerk is directed to **CLOSE THE CASE**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>2nd</u> day of September, 2016.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

5